IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| CIARA MILLS., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 23-1072 (RBK/SAK) |
| v. | : | |
| | : | **OPINION** |
| THE LAW OFFICES OF MITCHELL D. | : | |
| BLUHM AND ASSOCIATES., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court on two Motions to Dismiss: (1) Defendant

Experian Information Solutions' ("Experian") Motion to Dismiss Plaintiff's Complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (the "Experian Motion")

(ECF No. 8) and (2) Defendant The Law Offices of Mitchell D. Bluhm and Associates' ("MBA

Law") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim (the "MBA Law Motion") (ECF No. 13) (collectively, the

"Motions"). For the reasons set forth below, the Court **GRANTS** the Motions.

I.      **BACKGROUND**

        A.      **Factual Background**

        Plaintiff Ciara Mills, who is proceeding *pro se*, alleges in the Complaint (ECF No. 1) that

in January 2023, Mills "reviewed my credit report on credit karma" and "observed a trade line

from a debt collector." (Complaint § 3). The debt collector "Law Office MBA furnished a trade

line of $880, allegedly owed to MID- Florida emergency physicia [sic]." (*Id.*). According to the

Complaint, "Experian is reporting fraudulent trade lines that I disputed through the CFPB, but

they stated the information was verified." (*Id*.). Mills then requested a "debt validation," which

Experian allegedly refused, and Experian further informed Mills that the complaint had been

closed. (*Id*.). Mills waited a month for Mills' credit report to be updated but nothing changed.

(*Id*.).

In the Complaint, Mills claims that the debt collector and Experian published inaccurate

and incomplete information that has severely damaged Mills' personal and credit reputation.

(*Id*.). This has caused Mills "humiliation, emotional distress, mental anguish and damage to my

FICO score." (*Id*.). Mills seeks actual and statutory damages for violations of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., as well as reimbursement for the

costs incurred in initiating this action and "further relief as the court may deem just and proper."

(*Id*. § 4). As for the party from which relief is sought, Mills mentions only "the Debt collector."

(*Id*.).

In her Opposition to the Experian Motion (ECF No. 10), Mills drops all reference to the

FDCPA and instead asserts claims for the first time under the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681 *et seq*. (*Id*. at 1, 3–7). Specifically, Mills alleges that Experian

violated 15 U.S.C. § 1681e(b) (accuracy of consumer report), 15 U.S.C. § 1681i (procedure in

case of disputed accuracy), and 15 U.S.C. § 1681c-2 (block of information resulting from

2

identity theft), among other code provisions.[1] There is no additional discussion in the Plaintiff's

Opposition of the facts surrounding the violations she alleges.[2]

### B.    Procedural Background

Mills filed the Complaint on February 2, 2023 (ECF No. 1). Prior to filing an answer,

Experian filed its Motion to Dismiss Plaintiff's Complaint on May 4, 2023 (ECF No. 8). Mills

filed her Opposition to the Experian Motion (ECF No. 10) on May 30, 2023, which was eight

days after the filing deadline set under Local Civil Rule 7.1(d)(5). Experian argued in a letter

filed the same day (ECF No. 9) that its Motion should be considered unopposed due to Mills

missing the filing deadline. Experian then replied to Mills' Opposition via a letter brief (ECF No.

11) on May 31, 2023.

MBA Law filed its Motion to Dismiss on July 10, 2023 (ECF No. 13). Mills did not

respond to the MBA Law Motion. No party has made a further submission.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to

state a claim upon which the court can grant relief. "To decide a motion to dismiss, courts

generally consider only the allegations contained in the complaint, exhibits attached to the

complaint, and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

---

[1] Mills appears to copy and paste portions of a brief submitted in a separate lawsuit against Experian filed in the District of New Jersey by someone who lists the same address as Mills. *Ayanna Greene v. Experian Information Solutions*, No. 22-5142 (complaint filed Aug. 22, 2022) (identical language in Greene's Reply to the Defendant's Answer and Affirmative Defenses (ECF. No. 12)).
[2] That is, aside from assertions that appear to be copied from the *Greene* filing, for example, that "Plaintiff requested documents such as instruments that bears her signature not once did the Defendant in 1:22-cv-05142 provide any documentation as requested." (Opposition at 4).

When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

**B.      Motion to Amend Complaint Standard**

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading at any point prior to trial "only with the opposing party's written consent or the court's leave." Leave should be freely granted "when justice so requires." *Id*. This directive encompasses a broad range of equitable factors. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006). The court must consider whether the delay in seeking amendment is undue, motivated by bad faith, or prejudicial, or if the amendment would ultimately be futile. *Adams v. Gould Inc.*, 739 F.2d 858,

864 (3d Cir. 1984). Absent one of the factors, leave to amend should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The futility of a proposed amended pleading is evaluated under the same standard of legal sufficiency as a motion to dismiss under Rule 12(b)(6). *Travelers Indent. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010). The decision to grant leave is within the court's discretion. *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971).

### C.    Standard to Construe *Pro Se* Filings

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). The Third Circuit has emphasized that district courts should "be flexible when applying procedural rules to pro se litigants, especially when interpreting their pleadings." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Further, courts should be mindful of their duty "to apply the relevant legal principle even when the complaint has failed to name it." *Id*. That said, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id*. at 245.

## III.    DISCUSSION

### A.    Experian Motion

The Plaintiff's FDCPA claims against Experian must be dismissed because by its plain terms, the FDCPA does not apply to consumer reporting agencies like Experian and Experian is not alleged to have been engaged in any debt collection activities. The Court construes the Plaintiff's Opposition to the Experian Motion as a motion to amend the Complaint to bring

additional claims under the FCRA. However, the Plaintiff's motion to amend must be denied because it would be futile, as the Plaintiff also fails to state a claim under the FCRA.

### i.      Fair Debt Collection Practices Act Claims

Following the Third Circuit's three-step test as laid out in *Santiago*, we begin by identifying the elements required to state a claim under the FDCPA. The FDCPA, as its name suggests, applies to "debt collectors," defined as any entity that "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Act "creates a private right of action against debt collectors who fail to comply with its provisions." *Arroyo v. Stoneleigh Recovery Assocs., LLC*, 2019 WL 13256646, at *3 (D.N.J. Aug. 14, 2019). "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Next, we look at the Complaint's allegations and weed out the conclusory statements from the actual, well-pleaded facts. (Plaintiff's Opposition to the Experian Motion does not mention the FDCPA, so we need not consider at this time any facts that may be found there.) The Plaintiff's Complaint references Experian four times:

- "Experian is reporting fraudulent trade lines that I disputed through the CFPB, but they stated the information was verified." (Complaint § 3).

- "I requested a debt validation when they refused and stated by complaint is closed." (*Id.*).

- "After a month of waiting for my credit report to be updated nothing changed." (*Id.*).

- "The debt collector and experian are publishing inaccurate and incomplete informatin [sic] that has severly [sic] damaged my personal and credit reputation." (*Id.*).

The first and fourth statements are conclusory statements that Experian is reporting fraudulent, inaccurate, and incomplete information; they contain no factual context as to *why* the information is fraudulent or incorrect. That leaves only the second and third statements, which contain facts that amount to an allegation that Experian violated 15 U.S.C. § 1692g, a provision of the FDCPA that imposes a duty on debt collectors to verify a disputed debt.

Finally, at the third step, after stripping away the conclusory statements, we find that the Plaintiff has not alleged any facts demonstrating that Experian meets the FDCPA's definition of a debt collector or was engaged in debt collection activities. Therefore, Plaintiff's allegations do not plausibly give rise to an entitlement for relief against Experian under the FDCPA. *See Kaetz v. Educ. Credit Mgmt. Corp.*, 2019 WL 4745289, at *4 (D.N.J. Sept. 30, 2019) ("As Plaintiff does not allege that Defendants Experian and Equifax regularly collect debt or engage in debt collection, the [FDCPA] does not apply."). These claims must be dismissed.

### ii.    Fair Credit Reporting Act Claims

Mindful of the Third Circuit's charge that district courts should be flexible when interpreting the pleadings of *pro se* litigants, the Court construes the Plaintiff's Opposition to the Experian Motion as a motion to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). The Court also considers Plaintiff's Opposition despite its tardiness. *See, e.g., Halabi v. Fed. Nat'l Mortg. Ass'n*, 2018 WL 706483, at *1 n.1 (D.N.J. Feb. 5, 2018) (considering *pro se* litigant's opposition brief filed fifteen days late). After considering the merits of the FCRA claims, however, the Court determines that the Plaintiff's motion to amend would be futile: even the amended complaint would fail to state a claim under the FCRA. *See Travelers*

*Indent. Co.*, 594 F.3d at 243. Accordingly, the Plaintiff's motion to amend is denied, and the Plaintiff's FCRA claims must be dismissed.

In assessing the Plaintiff's FCRA claims, we proceed via the same three-step test noted above. First, we identify the elements required to state a claim under the three specific provisions of the FCRA that the Plaintiff cites most prominently in her Opposition: 15 U.S.C. § 1681c-2 (block of information resulting from identity theft) (Opposition at 4–5); 15 U.S.C. § 1681e(b) (accuracy of report) (*id*. at 3); and 15 U.S.C. § 1681i (procedure in case of disputed accuracy) (*id*. at 3–4).[3]

Common to all claims is that the FCRA applies to "consumer reporting agencies" ("CRA") as defined in 15 U.S.C. § 1681a(f). Experian does not dispute that it meets this definition. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749 (9th Cir. 2018) ("Experian is a consumer reporting agency (CRA) as defined by the FCRA.").

Turning first to § 1681c-2, the Court declines to analyze a potential claim under this provision because beyond reproducing a portion of the code section, the Plaintiff makes no allegation in the Complaint or Opposition that she was the victim of identity theft.

Next, a plaintiff alleging a violation of § 1681e(b) must prove four elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the

---

[3] The Plaintiff cites other FCRA provisions in her Opposition, *id*. at 5, but she does no more than list them without providing any explanation as to why they are relevant. The Court needs not provide a full analysis of possible causes of action under those provisions, as they clearly fail to state a claim.

inaccurate entry." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996); *see also*

*Covington v. Equifax Info. Servs., Inc.*, 2019 WL 4254375 at \*4 (D.N.J. Sept. 9, 2019).

Finally, "[t]o succeed on a section 1681i claim, a plaintiff must show (1) that he disputed

the accuracy of an item in his or her credit file and (2) that a reasonable investigation by the

agency could have uncovered the inaccuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 212

(E.D. Pa. 2007). Further, as with § 1681e(b) claims, "a claim under 1681i will fail if the

consumer cannot show that the information in his or her file was inaccurate." *Covington*, 2019

WL 4254375 at \*4 (internal punctuation omitted); *see also Kuehling v. Trans Union, LLC,* 137

F. App'x 904, 908 (7th Cir. 2005) ("Without evidence of some inaccuracy in the Trans Union

report or reinvestigation, Kuehling cannot establish that Trans Union violated the FCRA—either

§ 1681e(b) or § 1681i(a)(1)(A).").

At the second step of the Third Circuit's three-part test, we separate the Plaintiff's

conclusory statements from her well-pleaded facts. As noted above, the Plaintiff in her

Complaint alleges merely conclusory statements that Experian is reporting fraudulent,

inaccurate, and incomplete information. The Complaint provides no other facts explaining why

the information is fraudulent or incorrect. Meanwhile, the Plaintiff's Opposition is dedicated

entirely to reciting the statutory requirements of the FCRA; it presents no additional facts

specific to her claims against Experian.[4] Again, therefore, the only well-pleaded facts we are left

with are that the Plaintiff required a debt validation from Experian, Experian refused to perform

one, and the Plaintiff's credit report remained unchanged a month later. (Complaint at § 3).

---

[4] Nor do the facts copied from the *Greene* case help Mills state a claim, as CRAs like Experian are not required to provide consumers with signed instruments to prove the accuracy of the information in their credit reports. *See Whiteford v. Equifax Inc.*, 2021 WL 3683293 at \*3 (W.D. Pa. Aug. 18, 2021).

At the third step, we see that the Plaintiff's failure to plead any non-conclusory statement that the information in her credit report was inaccurate is fatal to her FCRA claims against Experian. Without evidence of some inaccuracy in the Experian report, Mills cannot establish that Experian violated either § 1681e(b) or § 1681i. *See Kuehling*, 137 F. App'x at 908. Therefore, the Plaintiff's Opposition, which the Court construes as the Plaintiff's motion to amend the Complaint, is denied as futile, and the FCRA claims against Experian must be dismissed.

### B.      MBA Law Motion

The Plaintiff's claims against the MBA Firm must likewise be dismissed for failure to plead non-conclusory facts that could plausibly establish a FDCPA violation.

Following again the Third Circuit's three-step test, we look first to the elements that a plaintiff must plead to state a claim under the FDCPA. As noted, "a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Second, we weed out any conclusory statements in the Complaint that are not entitled to the assumption of truth. Mills alleges that "Debt Collector Law Office MBA furnished a trade line of $880, allegedly owed to MID- Florida emergency physicia [*sic*]," which Mills discovered on her credit report on Credit Karma in January 2023. (Complaint § 3). Further, she claims, "[t]he debt collector and experian are publishing inaccurate and incomplete informatin [sic] that has severly [sic] damaged my personal and credit reputation." (*Id*.). Those are the only statements in the Complaint that reference MBA Law. As stated previously when discussing the

10

claims against Experian, the Court judges the latter statement to be conclusory because the

Plaintiff does not explain how the information furnished by MBA is fraudulent or incorrect. As a

result, the entirety of the Plaintiff's well-pleaded complaint consists of the factual allegation that

MBA Law is a debt collector that furnished an $880 trade line owed to an emergency physician.

Turning to the third and final step, the remaining factual allegations are not enough to

survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp.*, 550 U.S. at 570. The Court accepts as

true at the motion to dismiss stage that Mills is a consumer and MBA Law qualifies as a debt

collector under the FDCPA.[5] The Court need not weigh in on whether furnishing information to

a consumer reporting agency can amount to an attempt to collect a debt (the third element under

*Douglass*) because the Plaintiff clearly fails to plead non-conclusory facts that could plausibly

establish that MBA Law violated a provision of the FDCPA in attempting to collect the debt (the

fourth element). The FDCPA does not regulate the furnishing of information to credit reporting

agencies.[6] Hence, that MBA Law merely furnished a trade line to a credit reporting agency does

not violate any provision of the FDCPA. The Plaintiff fails to state a claim against MBA Law on

which relief could be granted. Accordingly, the claims against MBA Law must be dismissed.

---

[5] MBA Law does not dispute that it falls within the FDCPA's definition of a debt collector.
[6] The Fair Credit Reporting Act does impose responsibilities on furnishers of information to consumer reporting agencies. 15 U.S.C. § 1681s-2. However, merely furnishing a trade line, as here, without more, such as actual knowledge of errors, is not prohibited. *Id*.

## IV.    CONCLUSION

For the reasons set forth above, both the Experian Motion (ECF No. 8) and the MBA

Law Motion (ECF No. 13) are **GRANTED without prejudice**. The Plaintiff may move for

leave to file an amended complaint that provides a stronger factual basis for her claims within

thirty (30) days of this Opinion's entry. An appropriate Order follows.


Dated:    10 24 2023

ROBERT B. KUGLER
United States District Judge